UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

SIDNEY WILLIAMS and
NICOLE PRIESTLEY,

Defendants.



07 Cr. _____

## COUNT ONE

The Grand Jury charges:

1.    From at least in or about 2002 through at least in or about August 2005, in the Southern District of New York and elsewhere, SIDNEY WILLIAMS, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.    It was a part and an object of this conspiracy that SIDNEY WILLIAMS, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, to wit, one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21 of the United States Code.



<u>Overt Acts</u>

3.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York:

a.    Throughout in or about 2002, SIDNEY WILLIAMS, the defendant, arranged for the rental of the house located at 3014 Olinville Avenue in the Bronx, New York, ("Heroin Mill 1") so that it could be used as a heroin mill.

b.    Throughout in or about 2002, WILLIAMS spoke with co-conspirators not named as defendants herein inside Heroin Mill 1.

c.    Throughout in or about 2002, WILLIAMS managed the removal of heroin waste materials from Heroin Mill 1.

d.    Throughout in or about 2002, WILLIAMS received approximately $1,000 per week for his work in connection with the operation of Heroin Mill 1.

e.    For several months in or about 2003, WILLIAMS arranged for the rental of the house located at 2204 Light Street in the Bronx, New York, ("Heroin Mill 2") so that it could be used as a heroin mill.

f.    For several months in or about 2003, WILLIAMS spoke with co-conspirators not named as defendants herein inside Heroin Mill 2.

g.    For several months in or about 2003, WILLIAMS managed the removal of heroin waste materials from Heroin Mill 2.

h.    For several months in or about 2003, WILLIAMS received approximately $1,000 per week for his work in connection with the operation of Heroin Mill 2.

i.    Throughout in or about 2003 and throughout in or about 2004, WILLIAMS rented a house located at 963 East 223rd Street in the Bronx, New York ("Heroin Mill 3"), so that it could be used as a heroin mill.

j.    In or about October 2003, WILLIAMS spoke with co-conspirators not named as defendants herein inside Heroin Mill 3.

k.    Throughout in or about 2003 and throughout in or about 2004, WILLIAMS managed the removal of heroin waste materials from Heroin Mill 3.

l.    Throughout in or about 2003 and throughout in or about 2004, WILLIAMS received approximately $1,000 per week for his work in connection with the operation of Heroin Mill 3.

m.    From in or about February 2005 through in or about August 2005, WILLIAMS arranged for the rental of the house located at 3166 Fenton Avenue in the Bronx, New York ("Heroin Mill 4"), so that it could be used as a heroin mill.

n.    In or about February 2005, WILLIAMS spoke with co-conspirators not named as defendants herein inside Heroin

3

Mill 4.

o.    From in or about February 2005 through in or about August 2005, WILLIAMS managed the removal of heroin waste materials from Heroin Mill 4.

p.    In or about February 2005, WILLIAMS worked on constructing the internal stairwell hidden inside a closet between the first and second floors of Heroin Mill 4 so that workers inside the mill could move from one floor to the other without leaving the house.

q.    From in or about February 2005 through in or about August 2005, WILLIAMS received approximately $1,000 per week for his work in connection with the operation of Heroin Mill 4.

(Title 21, United States
Code, Section 846.)


COUNT TWO

The Grand Jury further charges:

4.    In or about 2002, in the Southern District of New York, SIDNEY WILLIAMS, the defendant, unlawfully, intentionally, and knowingly did manage and control a place, permanently and temporarily, as an owner, lessee, agent, employee, occupant, and mortgagee, and did rent, lease, profit from, and make available for use, with compensation, the place for the purpose of manufacturing, storing, distributing, and using a controlled

4

substance, to wit, WILLIAMS managed, controlled, rented, leased, profited from, and made available for use a house at 3014 Olinville Avenue in the Bronx, New York, for the purpose of manufacturing, storing, and distributing heroin.

(Title 21, United States Code, Section 856(a)(2); Title 18, United States Code, Section 2.)

## COUNT THREE

The Grand Jury further charges:

5.    In or about 2003, in the Southern District of New York, SIDNEY WILLIAMS, the defendant, unlawfully, intentionally, and knowingly did manage and control a place, permanently and temporarily, as an owner, lessee, agent, employee, occupant, and mortgagee, and did rent, lease, profit from, and make available for use, with compensation, the place for the purpose of manufacturing, storing, distributing, and using a controlled substance, to wit, WILLIAMS managed, controlled, rented, leased, profited from, and made available for use a house at 2204 Light Street in the Bronx, New York, for the purpose of manufacturing, storing, and distributing heroin.

(Title 21, United States Code, Section 856(a)(2); Title 18, United States Code, Section 2.)

5

## COUNT FOUR

The Grand Jury further charges:

6.    From at least in or about 2003 through at least in or about 2004, in the Southern District of New York, SIDNEY WILLIAMS and NICOLE PRIESTLEY, the defendants, unlawfully, intentionally, and knowingly did open, lease, rent, use, and maintain a place, permanently and temporarily, for the purpose of manufacturing, distributing, and using a controlled substance, to wit, WILLIAMS and PRIESTLEY opened, leased, rented, used, and maintained a house at 963 East 223rd Street in the Bronx, New York, for the purpose of manufacturing, storing, and distributing heroin.

(Title 21, United States Code, Section 856(a)(1);
Title 18, United States Code, Section 2.)

## COUNT FIVE

The Grand Jury further charges:

7.    From in or about February 2005 through in or about August 2005, in the Southern District of New York, SIDNEY WILLIAMS, the defendant, unlawfully, intentionally, and knowingly did manage and control a place, permanently and temporarily, as an owner, lessee, agent, employee, occupant, and mortgagee, and did rent, lease, profit from, and make available for use, with compensation, the place for the purpose of manufacturing, storing, distributing, and using a controlled substance, to wit,

6

WILLIAMS managed, controlled, rented, leased, profited from, and made available for use a house at 3166 Fenton Avenue in the Bronx, New York, for the purpose of manufacturing, storing, and distributing heroin.

> (Title 21, United States Code, Section 856(a)(2);
> Title 18, United States Code, Section 2.)

## COUNT SIX

The Grand Jury further charges:

8.    From in or about February 2003 through in or about October 2003, in the Southern District of New York, NICOLE PRIESTLEY, the defendant, unlawfully, intentionally, and knowingly did manage and control a place, permanently and temporarily, as an owner, lessee, agent, employee, occupant, and mortgagee, and did rent, lease, profit from, and make available for use, with compensation, the place for the purpose of manufacturing, storing, distributing, and using a controlled substance, to wit, PRIESTLEY managed, controlled, rented, leased, profited from, and made available a house located in the vicinity of Mickle Avenue and Adee Avenue in the Bronx, New York, for the purpose of manufacturing, storing, and distributing heroin.

> (Title 21, United States Code, Section 856(a)(2);
> Title 18, United States Code, Section 2.)

FORFEITURE ALLEGATION

9.    As a result of committing the controlled substance offenses alleged in Counts One, Two, Three, Four, Five, and Six of this Indictment, SIDNEY WILLIAMS and NICOLE PRIESTLEY, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the narcotics violations, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the narcotics violations alleged in Counts One, Two, Three, Four, Five, and Six of this Indictment, including but not limited to the following:

a.    Money Judgment

A sum of money equal to approximately $322,610 in United States currency, representing a part of the proceeds obtained as a result of the offenses alleged in Counts One and Five of the Indictment.

b.    Real Estate Property

i.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 607 Nereid Avenue, Bronx, New York, 10470, more particularly described as a single family residence;

8

ii.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 942 East 225th Street, Bronx, New York, 10466, more particularly described as a single family residence;

iii.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 963 East 223rd Street, Bronx, New York, 10466, more particularly described as a single family residence;

iv.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 2270 Weatherstone Circle Southeast, Conyers, Georgia, 30094, more particularly described as a single family residence.

Substitute Asset Provision

10.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of

the Court;

d.    has been substantially diminished in value;

or

e.    has been commingled with other property which

cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C.

§ 853(p), to seek forfeiture of any other property of SIDNEY

WILLIAMS and NICOLE PRIESTLEY, the defendants, up to the value of

the above forfeitable property.

(Title 21, United States Code,
Sections 841(a)(1), 846, and 853.)


_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

SIDNEY WILLIAMS and
NICOLE PRIESTLY

**Defendants.**

### INDICTMENT

07 Cr. _____

(Title 21, United States Code,
Sections 812, 841, 846, and 856; &
Title 18, United States Code,
Section 2)

MICHAEL J. GARCIA
United States Attorney.

*[signature]*

7/31/07  Filed Indictment. Under Seal
A/W's Issued.

Pitman
U.S.M.J.